**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18 CR 696 |
| | ) | Judge John Robert Blakey |
| ASHRAF AL SAFOO, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Defendant, **ASHRAF AL SAFOO**, by and through his attorney, **PATRICK E. BOYLE**, and respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 7(f), and the Due Process, Double Jeopardy and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the Constitution of the United States, for an order requiring the Government to provide a Bill of Particulars furnishing the information requested below, so that Defendant is adequately apprised of the scope of the Government's allegation, so as to allow Defendant: (1) to prepare his defense; (2) to avoid unfair and prejudicial surprise at trial; and, (3) to permit Defendant to plead double jeopardy as a bar to further prosecution in the event future proceedings are brought against him.

## I.      Introduction & Procedural History of Motion for Bill of Particulars

On March 12, 2020, a Second Superseding Indictment was filed that charged Defendant in twelve separate counts of conspiring with others "known and unknown" to provide material support, namely "services," to ISIS in violation of 18 U.S.C. §2339B(a)(1); knowingly providing and attempting to provide material support and resources, namely "services" and "money," to ISIS in violation of 18 U.S.C. §2339B(a)(1); conspiring with others "known and unknown" to transmit

in interstate commerce communications containing threats to injure the person of another, in violation of 18 U.S.C. §875(c) and §371; conspiring with others "known and unknown" to intentionally access a protected computer without authorization and thereby obtained information from the computer with the offense being committed in violation of 18 U.S.C. §2339B, in violation of §1030(a)(2); and, intentionally accessing a protected computer without authorization and thereby obtaining information from the computer with the offense being committed in furtherance of 18 U.S.C. §2339B(a)(1), in violation of 18 U.S.C. §1030(a)(2)(C).

On December 11, 2020, the defendant, through his prior appointed attorneys, filed a Motion for Bill of Particulars (R. 216).  Then, on January 8, 2021, the government filed their "Omnibus Response to Defendant's Pretrial Motions (R. 230) which included the government's response to the defendant's Motion for Bill of Particulars.  The defendant then filed his "Consolidated Reply in Support of Pretrial Motions." (R. 238) In that reply, the defendant acknowledged that the government had provided some additional information to the defendant that satisfied some of the defendant's requests in his original Motion for Bill of Particulars.  For example, the government provided counsel with the "names" of the four alleged coconspirators only identified as "A," "B," "C," and "D."  Consequently, the defendant amended some of his original requests for information in his reply.  However, defendant through his current appointed attorney, renews here the original requests and is still seeking additional information about the actual identities of the alleged co-conspirators.  The "names" provided are just aliases or just online display names.  The defendant needs additional information about these individuals such as their real names and identities, their locations and confirmation that they were not government agents or individuals cooperating with the government who adopted false online personas.  To establish the charge of conspiracy "the

government must prove that the defendant conspired with at least one true co-conspirator." *United States v. Mahkimetas*, 991 F.2d 379 (7th Cir. 1993).

In an order from May 19, 2022, this Court ordered that "all pending motions are denied as moot in light of the appearance of new counsel." (R. 323) Here, in this filing, new counsel essentially adopts and renews the defendant's original Motion for Bill of Particulars and respectfully requests that this Court order the government to provide the information requested herein.

## II.      **Legal Standard for Bill of Particulars**

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the Court to order a bill of particulars.  The bill serves several functions, but its principle purpose—all the more critical in an indictment as complicated as this—is  to "inform the defendant of the charges, enable him to prepare a defense, and to minimize the danger of double jeopardy and unfair surprise at trial." *United States v. Caputo*, 288 F. Supp. 2d 923, 925 (N.D. Ill. 2003); *see also United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (stating that a "bill-of-particulars analysis is similar to its constitutional sufficiency-of-the-indictment analysis; in both cases, the key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation.") (internal citations omitted); *United States v. Roman*, 728 F.2d 846 (7th Cir. 1987) ("[An indictment] must establish a record that shows when the defense of double jeopardy may be available to the defendant in the event future proceedings are brought against him…"); *United States v. Arberry*, No. 06 CR 278, 2007 WL 9706396 at *1 (E.D. Wisc. Feb. 15, 2007) (Rule 7(f) of the Federal Rules of Criminal Procedure requires that the defendant be provided with "information about the details of the charge against him…if this is necessary to the preparation of the defense, and to avoid unfair surprise at trial."

When a bill of particulars is necessary for these purposes, the court may order it even though it requires "the furnishing of information which in other circumstances would not be required because evidentiary in nature." *United States v. United States Gypsum Co.*, 37 F. Supp. 398, 403 (D.D.C. 1941); *see, e.g., United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) (if bill of particulars is necessary to give the defendant adequate notice of the charges, "it will be required even if the effect is disclosure of evidence or of theories" (quotation omitted)).

Because bills of particulars serve critical functions, provisions authorizing courts to grant particulars should be "liberally interpreted." *United States v. O'Connor*, 237 F.2d 466, 476 (2d Cir. 1956). The 1966 amendment to Rule 7(f), eliminating the requirement that cause be shown before a bill of particulars is ordered, was "designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." Rule 7 Advisory Committee Notes, 39 F.R.D. 69, 170; *see United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989). The 1966 amendment had the effect of "increase[ing] the instances in which particulars are granted, thus contributing to the desirable decline in the 'sporting theory' of criminal justice." *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971) (footnote omitted). In accordance with the purpose of the amendment, the defense should be "given the benefit of the doubt in gray areas." *United States v. Thevis*, 474 F. Supp. 117, 124 (N.D. Ga. 1979), *aff'd on other grounds* 665 F.2d 616 (5th Cir. 1982).

In considering whether to grant a bill of particulars, "the court may consider the complexity of the charges, the clarity of the indictment, and the degree of discovery available to the defense absent a bill." *United States v. Farley*, 1997 WL 695680 (N.D. Ill. 1997) (citing *United States v. Coffey*, 1993 WL 424239, at *10 (N.D. Ill. 1993) (citations omitted). However, courts have recognized that a high volume of discovery or an open-file discovery policy does not, as a rule,

4

obviate the need for a bill of particulars—and may even support it under certain circumstances. In *Vasquez-Ruiz*, the district court granted a defendant's motion for a bill of particulars where the government had produced 17,000 pages of documents to the defendant charged with mail and healthcare fraud, because the defendant was not able to ascertain the identity of patient-victims, the records claimed to include false entries, or the allegedly fraudulent bills to insurers. *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001) (*citing United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987) ("[I]t was error to refuse the bill of particulars … the government did not fulfill its obligation [to inform defendants of the charges] merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified…"). *See also Caputo*, 288 F. Supp. 2d 923, 926.

**III.    The Court Should Order the Requested Bill of Particulars**
**         <u>in This Incredibly Complex Case.</u>**

If there ever was a case that required a bill of particulars, this most certainly is it.  Even with a speaking indictment, a lengthy criminal complaint, and multiple terabytes of discovery, there are critical elements and facts in the indictment that remain ambiguous and demand particularity.  And, oddly enough, the mountains of documents and other material provided here in discovery exacerbate rather than solve the problem as the above.  Also, as detailed below, the requested particulars are quite specifically targeted and should be provided, so that Defendant may prepare his defense, including by raising necessary pretrial motions; avoid surprise at trial; and protect against further and unconstitutional jeopardy.

First, disclosure of the identities of the known unindicted co-conspirators is absolutely necessary to the preparation of this defense.  Similarly, the government should specifically provide the specific identities, as well as all known aliases, for Co-Conspirators A, B, C, and D.  Disclosure of co-conspirator identities is particularly is required due in large part to the unique nature of the

conspiracy that the government has charged. The charged conspiracy (or conspiracies) is complex and extensive, and it involves wide-ranging conduct. The conspiracy focuses on Khattab Media Foundation, of which Defendant was alleged at various times to have been a part. Khattab operated on various channels on the Telegram social media application.

As the government alleges in the Second Superseding Indictment, Khattab "was an internet-based organization dedicated to the creation and dissemination of pro-ISIS information, including edited video content and infographics created through the use of video and photo editing and other similar software." (SSI, Count One, ¶6). The government describes how Khattab—the "internet-based organization" swore bayat to ISIS. (SSI, Count One, ¶7). Importantly, it does not allege—nor could it—that the Defendant did the same. Particularly in the context of Count Two, the Second Superseding Indictment focuses on various graphics and images, "sometimes referencing ISIS," that contained alleged threats to injury and were disseminated online after Khattab members, allegedly including defendant, Co-Conspirator A, and Co-Conspirator B, "caused to be created and created." (SSI, Count Two, ¶4). The Second Superseding Indictment also alleges that Defendant conspired with Co-Conspirator C, Co-Conspirator D, and others "known and unknown" to "intentionally access a protected computer … and thereby obtained information from a protected computer." (SSI, Count Three, ¶2).

A district court may also grant a bill of particulars ordering the government to disclose the identity of a co-conspirator when it is necessary to prepare for trial, another important factor here in this convoluted case. *See, e.g., Farley*, 1997 WL 695680 at * 6 ("While the government is correct that some courts have found that the government is not required to disclose unindicted co-conspirators, the law in not uniform…The crucial test is whether the identity of the co-conspirators is necessary for the defendants to prepare for trial."); *United States v. Fardelos*, 1985 WL 1599,

*2 (N.D. Ill. 1985) (granting defendant's motion for bill of particulars to disclose the names of all unindicted co-conspirators); *United States v. Amawi*, 531 F. Supp. 2d 823, 825 (N.D. Ohio 2008) (ordering disclosure of identities of unindicted co-conspirators); *United States v. Calderon-Abeja*, 1987 U.S. Dist. LEXIS 9838, *5, 1987 WL 18925 (ordering the names of all known co-conspirators to be specified in a bill of particulars). The need to identify all known co-conspirators and their identities and aliases is all the more important in this instance because, as the discovery makes clear, people who participated in Khattab chatrooms typically used online pseudonyms, and Defendant must know that an alleged co-conspirator was not in actuality a government agent, whether foreign or domestic.

Second, a bill of particulars is required here to define the key statutory elements of "material support or resources" and "services" as set forth in the Counts alleging conspiracy to provide or the provision of material support to ISIS. (*See* Counts One, Five, Seven, Nine, and Eleven). Each of those material support counts provide that Defendant conspired to provide or provided material support or resources, "namely services." The term "material support or resources" is defined in the statute as follows:

> the term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials;

18 U.S.C. §2339A(b)(1).[1] Significantly, one does not violate the statute if they act "entirely independently" of the terrorist organization "to advance its goals or objectives." (18 U.S.C. §2339B(h)). Thus, one must work "under the foreign terrorist organization's direction and

---

[1] The statute also provides separate definitions for the terms "training" ("instruction or teaching designed to impart a specific skill, as opposed to general knowledge") and "expert advice or assistance" ("advice or assistance derived from scientific, technical or other specialized knowledge."). 18 U.S.C. §2339A(b)(2)-(3).

7

control." *Id*.[2] Congress also imposed an important limitation on the scope of the material support statute when it provided the following rule of construction: "Nothing in this section shall be construed or applied so as to abridge he exercise of rights guaranteed under the First Amendment to the Constitution of the United States." 18 U.S.C. §2339B(i).

This statutory framework helps illustrate why a bill of particulars is required. First, the qualification "namely" before "services," is not exclusive, meaning that it is certainly possible that the government could very well allege at trial that Defendant violated the statute by providing another form of "material support or resources." *See United States v. Awan*, 459 F. Supp. 2d 167, 175-76 (E.D.N.Y. 2006) (discussing how government must specify the type of "material support" that the defendant must defend against or which the grand jury considered.). Further, it is not clear from the charging instrument what is meant by the "services" itself, particularly as the term is inherently ambiguous, particular when combined with other concrete forms of "material support or resources" such as currency, lodging, weapons, lethal substances, or explosives. The ambiguity of this term is further complicated by the broad and amorphous Khattab conspiracy and its "known and unknown" members.

Additionally, it appears that "services" in Count One may well be different than the "services" in Counts Five, Seven, Nine, Eleven, and Twelve. Put simply, both the "material support and resources" and the "services" must be defined to avoid unfair surprise and prejudice at trial; and, to also ensure that Defendant is tried only the charges actually brought by the grand jury that returned the Second Superseding Indictment. *United States v. Muresanu*, 951 F.3d 833,

---

[2] This statutory provision relates to the provision of "personnel." In *HLP* the Supreme Court found that these terms— and particularly the condition that one must work under the direction and control of a terrorist organization—also apply to "services." *Holder v. Humanitarian Law Project v. Holder*, 561 U.S. 1, 23 (2010).

8

839 (7th Cir. 2020) ("The Fifth Amendment guarantees the right of an accused to be tried only on charges in an indictment returned by a grand jury.").

Moreover, these terms should be clarified well prior to trial, so that Defendant may make all necessary pretrial motions, including challenges to the indictment. It is quite possible, as it seems to appear, that the government may argue that Defendant provided material support by writing articles for Khattab.[3] This theory would raise significant First Amendment concerns, as the government's theory could very well violate the rule of construction in §2339B(i). However, at this point, Defendant cannot file a focused First Amendment-based challenge without first knowing the specific services that he allegedly provided and conspired to provide.

Third, the same logic and reasoning also applies to the "threats" alleged in Count Two. The government should identify what it will try and prove to be threats (and what was presented to the grand jury). This is particularly so because those "threats" may have been made by other individuals who are not part of any alleged conspiracy. *United States v. Beavers*, No. 3:16-CR-00068 JD, 2016 U.S. Dist. LEXIS 158526, at *6-8 (N.D. Ind. Nov. 16, 2016) illustrates the need for a bill of particulars in this case. There, the defendant was charged with making threats in violation of 18 U.S.C. §844(e) and §875(c). Even though the indictment tracked the language of the statute and contained the requisite elements, the court still found the failure of each count to contain the "time, place, and/or substance of the communication" to create an "unacceptable" "degree of uncertainty" that justified a bill of particulars. *Id.*, *6. The lack of such details left the defendant to "guess" which of several statements the government identified served as the basis for each count. *Id.*

---

[3] Counsel have been provided with a number of articles prepared by Defendant that are classical political speech, notwithstanding rhetoric that some may view as anti-American or anti-"Western Crusader."

9

Thus, in order for Defendant to marshal defenses, both at trial and pretrial, the threats should be identified, so First Amendment defenses can be made. Indeed, a "true threat" must meet the high and specific standard of being a "serious expression of intent to commit unlawful physical violence against another person or a group of people" and the communication conveying the "true threat" "must be one that a reasonable observer, considering the context and circumstances of the statement, including surrounding communications, would interpret as a true threat." A "true threat" is distinguished from something said as an "exaggeration, which is clearly the case in many of the aforesaid on-line articles provided to date"[4] A bill of particulars will thus help the Court make evidentiary rulings and ultimately instruct the jury. *See Beavers*, 2016 U.S. Dist. LEXIS 158526, at \*7 (ordering bill of particulars and observing that "[t]he ability of the Court to properly instruct the jury is further complicated in this case because the Defendant has alleged the communications that form the basis of the indictment are protected as political speech under the First Amendment of the United States Constitution, and the Court will also need to instruct the jury on the proper legal standard to apply in these circumstances.").

Finally, various statutory terms in the computer fraud-related counts should also be defined with particularity. The indictment effectively alleges a conspiracy and acts in furtherance of the conspiracy that involved using Twitter social media accounts to disseminate ISIS propaganda. The government will have to prove access to a "protected computer," a term specifically defined in the Seventh Circuit jury instructions and which the government should identify with particularity. Moreover, it is entirely unclear what "information" was "obtained" from the protected computers. Those concepts must also be defined with particularity to avoid unfair surprise at trial, and so as to provide Defendant "'with reasonable certainty, of the nature of the accusation against him" so

---

[4] These quotations are taken from a "true threat" jury instruction given in *United States v. Berger*, 18 CR 873, Dkt. #117, p. 20 (Durkin, J.).

10

that he knows "what he must be prepared to meet." *United States v. Awan*, 459 F. Supp. 2d 167, 175 (E.D.N.Y. 2006) (quoting *Russell v. U.S.,* 369 U.S. 749, 764-65 (1962)).

## IV.    The Requests for Particulars

**Count One:    Conspiracy to provide material support and resources to a foreign terrorist organization, in violation of 18 U.S.C. §2339B(a)(1)**

1.    Identify with specificity the individuals "known" to the grand jury that Defendant allegedly conspired with to provide material support and resources to ISIS (SSI, Count One ¶12);

2.    Identify with specificity all the alleged "material support and resources" that Defendant allegedly conspired to provide to ISIS (SSI, Count One, ¶12); and,

3.    Identify with specificity the alleged "services" that Defendant allegedly conspired to provide to ISIS.  (SSI, Count One, ¶12)

**Count Two:    Conspiracy to knowingly and willfully transmit interstate communications containing threats to injure the person of another, in violation of 18 U.S.C. §875(c) and §371**

1.    Identify with specificity the identities and aliases of Co-Conspirator A, Co-Conspirator B, Co-Conspirator C, and Co-Conspirator D. (SSI, Count Two ¶2);

2.    Identify with specificity the individuals "known" to the grand jury that Defendant allegedly conspired with to commit the offense alleged in Count Two. (SSI, Count Two ¶2); and,

3.    Identify with specificity all the communications containing threats to injure the person of another, including all the "threats" themselves, that the government will use to prove the allegations in Count Two.  (SSI, Count Two, ¶¶3-8).

**Count Three: Conspiracy to intentionally access a computer without authorization and obtaining information from a protected computer, with the offense being in furtherance of a violation of 18 U.S.C. §2339B, in violation of 18 U.S.C. §1030(a)(2) and (c)(2)(B)(iii) and §371**

1.    Identify with specificity the known identities and aliases of Co-Conspirator C and Co-Conspirator D. (SSI, Count Three ¶2);

2.    Identify with specificity the individuals "known" to the grand jury that Defendant allegedly conspired with to commit the offense alleged in Count Three. (SSI, Count Three ¶2);

11

3.      Identify with specificity all "protected computers" that the government will argue that Defendant accessed or conspired to intentionally access. (SSI, Count Three ¶2);

4.      Identify with specificity all "information" that the government will argue that Defendant obtained or conspired to obtain. (SSI, Count Three ¶2); and,

5.      Identify with specificity Twitter Account A, Twitter Account B, Twitter Account C, and Twitter Account D.

1.

**Count Four:      Intentionally accessing a computer without authorization and obtaining information from a protected computer, with the offense being in furtherance of a violation of 18 U.S.C. §2339B(a)(1), in violation of 18 U.S.C. §1030(a)(2)(C) and (c)(2)(B)(ii)**

1.      Identify with specificity all "protected computers" that the government will argue that Defendant intentionally accessed. (SSI, Count Four ¶2); and,

2.      Identify with specificity all "information" that the government will argue that Defendant obtained. (SSI, Count Four ¶2)

**Count Five:      Knowingly providing and attempting to provide material support and resources to a foreign terrorist organization, in violation of 18 U.S.C. §2339B(a)(1)**

1.      Identify with specificity all the alleged "material support and resources" that Defendant knowingly provided to ISIS. (SSI, Count Five, ¶2); and,

2.      Identify with specificity the alleged "services" that Defendant provided to ISIS. (SSI, Count Five, ¶2)

**Count Six:      Intentionally accessing a computer without authorization and obtaining information from a protected computer, with the offense being in furtherance of a violation of 18 U.S.C. §2339B(a)(1), in violation of 18 U.S.C. §1030(a)(2)(C) and (c)(2)(B)(ii)**

1.      Identify with specificity all "protected computers" that the government will argue that Defendant intentionally accessed. (SSI, Count Six ¶2); and,

2.      Identify with specificity all "information" that the government will argue that Defendant obtained. (SSI, Count Six ¶2)

**Count Seven: Knowingly providing and attempting to provide material support and resources to a foreign terrorist organization, in violation of 18 U.S.C. §2339B(a)(1)**

12

1. Identify with specificity all the alleged "material support and resources" that Defendant knowingly provided to ISIS. (SSI, Count Seven, ¶2); and,

2. Identify with specificity the alleged "services" that Defendant provided to ISIS. (SSI, Count Seven, ¶2)

**Count Eight: Intentionally accessing a computer without authorization and obtaining information from a protected computer, with the offense being in furtherance of a violation of 18 U.S.C. §2339B(a)(1), in violation of 18 U.S.C. §1030(a)(2)(C) and (c)(2)(B)(ii)**

1. Identify with specificity all "protected computers" that the government will argue that Defendant intentionally accessed. (SSI, Count Eight ¶2); and,

2. Identify with specificity all "information" that the government will argue that Defendant obtained. (SSI, Count Eight ¶2)

**Count Nine: Knowingly providing and attempting to provide material support and resources to a foreign terrorist organization, in violation of 18 U.S.C. §2339B(a)(1)**

1. Identify with specificity all the alleged "material support and resources" that Defendant knowingly provided to ISIS. (SSI, Count Nine, ¶2); and,

2. Identify with specificity the alleged "services" that Defendant provided to ISIS. (SSI, Count Nine, ¶2)

**Count Ten: Intentionally accessing a computer without authorization and obtaining information from a protected computer, with the offense being in furtherance of a violation of 18 U.S.C. §2339B(a)(1), in violation of 18 U.S.C. §1030(a)(2)(C) and (c)(2)(B)(ii)**

1. Identify with specificity all "protected computers" that the government will argue that Defendant intentionally accessed. (SSI, Count Ten ¶2); and,

2. Identify with specificity all "information" that the government will argue that Defendant obtained. (SSI, Count Ten ¶2)

**Count Eleven: Knowingly providing and attempting to provide material support and resources to a foreign terrorist organization, in violation of 18 U.S.C. §2339B(a)(1)**

1. Identify with specificity all the alleged "material support and resources" that Defendant knowingly provided to ISIS. (SSI, Count Eleven, ¶2); and,

13

2.      Identify with specificity the alleged "services" that Defendant provided to ISIS. (SSI, Count Eleven, ¶2)

## IV.    <u>Conclusion</u>

For the foregoing reasons, Defendant respectfully requests that the Court grant this motion and order the government to provide the requested bill of particulars.

Respectfully submitted,

/s/ Patrick E. Boyle
**PATRICK E. BOYLE**,
Attorney for Defendant

**LAW OFFICES OF PATRICK E. BOYLE**
155 North Michigan Avenue, Suite 562
Chicago, IL 60601
(312) 565-2888

14

**CERTIFICATE OF SERVICE**

Patrick E. Boyle, Attorney at Law, hereby certifies that the foregoing was served on January 3, 2023, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Patrick E. Boyle
155 North Michigan Avenue, Suite 562
Chicago, IL 60601
(312) 565-28888